UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEBA M. WILLIAMS, | ) | CASE NO.5:11CV833 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| STEAK 'N SHAKE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the amended motion of Defendant Steak 'N Shake (Defendant) to dismiss the complaint of Plaintiff Seba M. Williams (Plaintiff) on the grounds that Plaintiff failed to file the present lawsuit within 90 days of Plaintiff's receipt of a right-to-sue letter from the Equal Employment Opportunity Commission. (Doc. No. 5.) Plaintiff did not file a response, and the time for responding has passed.

**Background**

Plaintiff filed her *pro se* complaint on April 27, 2011, which appears to be nothing more than her response to Defendant's position statement that was filed in connection with charge number 532-2010-01107, which Plaintiff filed with the Equal Employment Opportunity Commission. (Doc. No. 1.) Construed liberally, as the Court must do with all *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff alleges that she was discriminated against on the basis of her race (African American), in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000e, *et seq*. Specifically, she alleges that during her tenure as an employee in one of Defendant's restaurants, she was treated less favorably than similarly-situated Caucasian employees. She also claims that she was terminated for tardiness, while Caucasian employees were not so severely disciplined for similar episodes of tardiness.

Plaintiff filed her charge of discrimination with the EEOC on May 12, 2010, and the EEOC mailed her right-to-sue letter on January 7, 2011. Copies of the charge and the right-to-sue letter were appended to Defendant's motion to dismiss as Exhibits A and B, respectively.

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant now seeks dismissal of this action. According to Defendant, dismissal is required because Plaintiff's claims are time-barred under federal law. For the reasons set forth below, The Court finds Defendant's motion to be well-taken.

**Standard**

*Fed. R. Civ. P. 12(b)(1)*

When subject matter jurisdiction is challenged pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party asserting jurisdiction bears the burden of establishing that subject matter jurisdiction exists. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction general consist of two types. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Facial attacks to subject matter jurisdiction merely question the sufficiency of the pleadings, and courts should apply the Rule 12(b)(6) standard in considering them. *Id.* In such a case, courts should accept the

2

allegations in the complaint as true and construe them in a light most favorable to the nonmoving party. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). Factual attacks, the second type of challenge to the court's subject matter jurisdiction, do not question the sufficiency of the pleading's allegations, but rather contest the factual predicate for subject matter jurisdiction. *Id.* In such a case, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Id.; Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325.

*Fed. R. Civ. P. 12(b)(6)*

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff's grounds for relief must entail more than "labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do[…]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a plaintiff need not plead specific facts, the complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nadar v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Additionally, the court must accept as true all factual allegations contained in the complaint, and it must be construed in a light most favorable to the party opposing the motion to dismiss. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976); *Davis. H. Elliot Co. v. Caribbtilities Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975).

**Discussion**

Title VII of the Civil Rights Act of 1964 provides that, if the EEOC has elected not to prosecute a citizen's employment discrimination charge, it shall notify the petitioner of his or her right to initiate a private enforcement lawsuit. The statute states that "within ninety days after the giving of such notice, a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved." 42 U.S.C. § 2000e-5(f)(1).

"The federal courts have strictly enforced Title VII's ninety-day statutory limit. In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984) (per curiam), an opinion that dismissed a *pro se* Title VII complaint filed outside of limitations, the Supreme Court stated that 'procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'" *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). As such, dismissal of a complaint filed after ninety days of receiving the EEOC right-to-sue letter is appropriate even where a plaintiff proceeds *pro se* because the plaintiff still has "a responsibility to meet the requirements of the law." *Lomax v. Sears, Roebuck & Co.*, No. 99-6589, 2000 WL 1888715, at *6 (6th Cir. Dec. 19, 2000); *see also Okparaocha v. Lazarus, Inc.*, No. 96-3729, 1997 WL 668954, at *2 (6th Cir. 1997) (holding that "[e]ven though Okparaocha sued *pro se*, he must satisfy applicable rules and deadlines").

As previously stated, Plaintiff filed her charge of discrimination with the EEOC on May 12, 2010, and the EEOC mailed her right-to-sue letter on January 7, 2011. (Doc. Nos. 5-2 and 5-3, respectively.) Plaintiff is presumed to have received the EEOC's

4

notice on January 12, 2011 because the Sixth Circuit has established that a plaintiff is assumed to have received a right-to-sue notice five days after it is mailed. *Graham-Humphreys*, 209 F.3d at 557 (holding that the ninety day statute of limitations begins running on the fifth day following the EEOC's mailing of the right-to-sue notification.) Hence, in order for Plaintiff to comply with the ninety-day statute of limitations, she must have filed a complaint on or before April 12, 2011. Plaintiff did not file her complaint until April 27, 2011, which was fifteen days after the limitations period had expired. Furthermore, all of the claims contained in Plaintiff's complaint were subject to the above statute of limitations because these claims were the subjects of her EEOC charge. Thus, Plaintiff failed to satisfy the statue of limitations set forth in 42 U.S.C. § 2000e-5(f), and her claims are subject to dismissal.[1]

In so ruling, the Court observes that it may take judicial notice of the EEOC charging documents appended to Defendant's motion to dismiss without converting the present motion into a motion for summary judgment because these documents are a matter of public record. *See Caplinger v. Uranium Disposition Servs.*, LLC, No. 08-548, 2009 WL 367407, at *5-*7 (S.D. Ohio Feb. 11, 2009) (holding that, in

---

[1] Nor has Plaintiff provided the Court with any basis to excuse her untimely filing or to apply principles of equitable tolling. In fact, Plaintiff has failed to provide any written response whatsoever to the instant motion, despite having received notice both electronically and by regular mail at her preferred address identified on the docket.

support of a motion to dismiss, a court can properly review public records, such as documents filed with the EEOC, that were not attached to a complaint without converting the motion to a motion for summary judgment); *see also Falbish v. University of Minnesota*, 304 F.3d 797, 802-03 (8th Cir. 2002) (concluding that EEOC charge was part of the public record); *Rhea v. Dollar Tree Stores, Inc*., 395 F. Supp. 2d 696, 703 (W.D. Tenn. 2005) (EEOC charge was part of the public record for purposes of a motion to dismiss on statute of limitations grounds); *Rogan v. Giant Eagle, Inc*., 113 F. Supp. 2d 777 (W.D. Pa. 2000) (court may consider EEOC charge and related documents, including the right to sue letter, as information which is a matter of public record); *see, e.g., Jones v. ETS Staffing*, No. 09cv14374, 2011 U.S. Dist. LEXIS 45801 (E.D. Mich. Apr. 28, 2011) (Judicial notice taken of EEOC right-to sue letter appended to motion to dismiss *pro se* plaintiff's federal discrimination action.)

**Conclusion**

Accordingly, the Court GRANTS Defendant's motion to dismiss (Doc. No. 5, and DISMISSES Plaintiff's complaint with prejudice. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 17, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**